[No. 2957.  Decided June 7, 1898.]

James P. Townsend, *Respondent,* v. E. B. Price, *as Administrator, Appellant.*

JUDGMENT AGAINST INSANE PERSON — GUARDIAN AD LITEM —PLEADING.

Where plaintiff knows, either at the time of service of summons or at the time of rendition of judgment that defendant is *non compos mentis* it is incumbent on him to suggest it to the court, in order that a guardian *ad litem* may be appointed.

In an action upon a judgment of a court of record of a sister state, an answer alleging that the judgment had been obtained fraudulently by default, through personal service upon defendant while insane, and that there was a valid defense to the original action, states sufficient facts to constitute a defense, as against a motion for judgment on the pleadings, as pleadings are liberally construed upon such a motion.

Appeal from Superior Court, King County.—Hon. E. D. Benson, Judge.  Reversed.

*James M. Epler,* for appellant.
*Smith & Cole,* for respondent.

The opinion of the court was delivered by

Scott, C. J.—This was an action on a judgment, recovered in a court of record in the state of Missouri, brought by the plaintiff, as assignee of the plaintiff in that action, against the defendant, as administrator of the estate of the deceased judgment debtor.  Judgment was rendered against the defendant in this action on the ground of the insufficiency of the answer.  It will not be necessary to give the answer in detail, as it is conceded that it sets forth that when process was served on the defendant in the state of Missouri he was confined to his bed in his last sickness and was not in a condition to attend to any business and was *non compos mentis,* and that this fact was

known to the plaintiff, and that judgment was taken against him by default; and furthermore that there was a good defense to the cause of action pleaded on the ground that the plaintiff had never rendered the services for the value of which he had sued, and it was alleged that the judgment was fraudulently procured. After the filing of the answer the plaintiff moved for a judgment on the pleadings, which was granted, and this appeal was taken therefrom. It is contended by the respondent and not disputed by the appellant that service might be regularly made upon an insane person, and we are of the opinion that the judgment obtained from such service is not void, but voidable merely. The main contention of the respondent seems to be that the fraud alleged was one which should have been pleaded in the original action, viz., that the services had not been rendered and that it could not be taken advantage of in a subsequent action upon the judgment. But, conceding this to be true, the answer here goes further and alleges fraud in obtaining the judgment by reason of the fact of the condition of the defendant, and it was a necessary allegation in connection with that defense to show that the claim was unfounded, or at least that there was a defense thereto, in whole or in part. If the physical and mental condition of said defendant was known to the plaintiff, as is alleged in the answer, both at the time service was obtained and when judgment was rendered, it was incumbent on the plaintiff then to have suggested it to the court, in order that a guardian *ad litem* might be appointed. It is also urged here that the answer is insufficient because it does not allege that a guardian *ad litem* had not been appointed. But the point seems to have received but minor consideration from both sides. It raises an important question of practice as to where the burden of proof rested; whether, where it was shown that the defendant was insane,

and this fact was known to the plaintiff, it then became necessary for the plaintiff to show that the judgment was regularly obtained by the appointment of a guardian *ad litem,* or whether it was necessary for the defendant to allege and prove the contrary. As it does not appear to have been fully briefed, and its decision not being necessary now, we pass it, for we are of the opinion that as against the motion for a judgment on the pleadings, there were sufficient allegations in the answer to admit proof of the fact that no guardian *ad litem* was appointed, if it was incumbent on the defendant to make that proof, for the answer admits only a service upon the defendant personally, and the complaint alleges nothing more; also the answer contains the further allegation that the judgment was taken against the defendant by default. If the answer had been demurred to and the fact brought specially to the attention of the court, and the defendant, that the answer was defective for the reason that it did not contain a direct allegation that a guardian *ad litem* had not been appointed, and it was incumbent on the defendant to make that allegation and proof, in the interest of good pleading the demurrer should have been sustained. But if that were done, the right to amend would have followed as a matter of course. As against a motion for a judgment upon the pleadings a different rule obtains, and they are more liberally construed in favor of a party against whom such action is sought. This has been laid down in a number of decisions by this court, and as against this motion we are of the opinion that the answer stated a defense, and the action of the court in holding otherwise upon the motion was erroneous.

Reversed and remanded for a new trial.

GORDON, DUNBAR and REAVIS, JJ., concur.

ANDERS, J., not sitting.